CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 23 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:03cr70056-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| TYHAN SENECA TILLMAN | ) | By: Hon. Norman K. Moon |
| | ) | United States District Judge |

Petitioner, Tyhan Seneca Tillman, filed this 28 U.S.C. § 2255 motion challenging the validity of his cocaine base conviction and resulting sentence. Tillman claims that he should be resentenced under United States v. Booker, 543 U.S. 220 (2005) and that his sentence was improperly enhanced. For the reasons stated herein, the court finds that Tillmans' claims fail and, therefore, dismisses his § 2255 motion.

I.

On October 25, 2004, the court found Tillman guilty of possessing with the intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and sentenced him to 151 months incarceration. Tillman did not appeal. On July 30, 2008, the court granted his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and reduced Tillman's sentence to 121 months based on Amendment 706 of the United States Sentencing Guidelines. Tillman filed the instant § 2255 motion on November 24, 2008, claiming that in re-sentencing him pursuant to 18 U.S.C. § 3582(c)(2), the court should have considered the impact of Booker on his new sentence and that his original sentence was improperly enhanced for possessing a firearm.

II.

Tillman's allegation that the court should resentence him under Booker has no merit. The Supreme Court did not make its decision in Booker retroactively applicable to cases on collateral

review.[1] See id. at 769; U.S. v. Johnson, 146 Fed.Appx. 656 (4th Cir. 2005) (one of a series of recent unpublished Fourth Circuit opinions in which the court has explicitly held that the Supreme Court did not make Blakely and Booker retroactive to cases on collateral review). Therefore, the court dismisses this claim.

## III.

Tillman also alleges that the court improperly enhanced his sentence for possessing a firearm. However, Tillman procedurally defaulted this claim and has presented nothing to excuse his default.

"[H]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). Claims that could have been, but were not, raised on direct appeal are procedurally defaulted unless the petitioner demonstrates both cause for the default and actual prejudice from the failure to review the claim,[2] id. at 622; United

---

[1] Moreover, Booker and its progeny are inapplicable to motions to reduce sentence under § 3582(c)(2). Pursuant to USSG § 1B1.10(b)(2), the court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . ." unless the "original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing. . ." In this case, defendant's original term of imprisonment was not less than the term of imprisonment provided by the original guideline range. The requirements set out in § 1B1.10 are made binding on the court by two statutes, 28 U.S.C. § 994(u) and § 3582(c). Section 994(u) states that the Sentencing Commission "shall specify in what circumstances and by what amounts the sentence of prisoners serving terms of imprisonment for the offenses may be reduced." Section 3582(c) provides that a district court may not modify a term of imprisonment once it has been imposed, except that when the Sentencing Commission makes a guideline amendment retroactive, the court may reduce a term of imprisonment "*if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.*" (Emphasis added).

Neither Booker nor its progeny authorizes a district court to grant a sentence reduction beyond what is permitted in § 1B1.10. "A motion pursuant to § 3582(c)(2) 'is not a do-over of an original sentencing where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting United States v. Tidewell, 178 F.3d 946, 949 (7th Cir. 1999)); see also USSG § 1B1.10(a)(3). Therefore, while the guidelines may be applied in a discretionary manner at an original sentencing pursuant to Booker, nothing in § 3582(c)(2) gives the court similar discretion to depart from USSG § 1B1.10 in a resentencing under § 3582(c)(2).

[2] To establish cause, Tillman must point to some objective factor beyond the defendant's control that impeded or prevented him from presenting his claim. Coleman v. Thompson, 501 U.S. 722, 753 (1991). Objective factors that may constitute "cause" include: (1) interference by officials that makes compliance impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel. Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 49 U.S. 467, 493-94 (1991)). To show prejudice, Tillman must demonstrate "not merely that the errors at his trial

2

Case 4:03-cr-70056-NKM  Document 54  Filed 12/23/08  Page 2 of 3  Pageid#: 68

States v. Frady, 456 U.S. 152, 170 (1972); Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994) or demonstrates that he is actually innocent,[3] Schlup v. Delo, 513 U.S. 298, 321 (1995); Mikalajunas, 186 F.3d at 493. In this case, Tillman does not allege cause to excuse his default or that he is actually innocent of the conduct for which he received the enhancement. Accordingly, the court finds that Tillman procedurally defaulted this claim, and therefore, dismisses it.

## IV.

For the foregoing reasons, the court dismisses Tillman's § 2255 motion.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

**ENTER**: This 23 day of December, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." McCarver v. Lee, 221 F.3d 583, 892 (4th Cir. 2000) (quoting United States v. Frady, 456 U.S. 152, 170 (1972)).

[3] Actual innocence means factual innocence, not merely the legal insufficiency of his conviction or sentence. Bousley, 523 U.S. at 623-24. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518 (U.S. 2006) (internal quotation marks omitted).